UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 20-346-DMG-3 | | | | Date | July 9, 2026 | |
|---|---|---|---|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | | | Page | 1 of 2 |
|---|---|---|---|---|---|

| Derek Davis | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Jordan Nicholas McCormick | Not | | ✓ | Allison B. Margolin | Not | | ✓ |

**Proceedings:  (IN CHAMBERS) ORDER STRIKING FILING [844], GRANTING IN PART *EX PARTE* APPLICATION FOR CONTINUANCE OF RULE 33 MOTION DEADLINE [840], AND SETTING BRIEFING SCHEDULES**

Pursuant to L.R. 83-2.3.1, Defendant Jordan Nicholas McCormick's *pro se* "Request for Appointment of Conflict-Free Counsel and To Extend Time To File a Motion for New Trial" is **STRICKEN**.  [Doc. # 844.]  As long as McCormick is represented by counsel, the Local Rules of this Court forbid him from filing documents *pro se*; he must proceed through his counsel.  The document will not be considered.

The Court notes, for future reference, that if McCormick's counsel believes that there is an ethical conflict under the California Rules of Professional Conduct that prevents her from representing McCormick in this matter, she cannot cure the issue by engaging in piecemeal representation of McCormick.  *See* L.R. 83-3.1.2 (incorporating the California Rules of Professional Conduct).  Rule of Professional Conduct 1.16(a) requires attorney Allison Margolin to file a motion to withdraw from the representation of McCormick if she "knows or reasonably should know" that the representation of McCormick will result in a violation of her ethical obligations under the Rules of Professional Conduct. It does not allow for partial representation.  It requires withdrawal *from the representation*—full stop.

The Court has reviewed the grounds cited in McCormick's filing, however, and finds that as described in that filing, there is no obvious conflict compelling this Court to *sua sponte* hold a hearing on whether his attorney is in breach of her ethical obligations.  It does not appear that Rule of Professional Conduct 1.7(a) has been breached as McCormick's uncle's and his own interests do not appear to be directly adverse to each other.  Nor does there appear to be a significant risk of a violation of Rule 1.7(b) that Margolin's representation of McCormick will be materially limited by her responsibilities to or relationship with his uncle as a prior client.

While the procedures for withdrawal of an attorney in this District are not complex, the Court provides them for counsel's edification, if she still believes that her continued representation, for reasons unrelated to McCormick's uncle, forces her to breach the Rules of Professional conduct after reviewing this Order.

| CR-11 | **CRIMINAL MINUTES - GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 20-346-DMG-3 | Date | July 9, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 2 of 2 |
|---|---|---|---|

***L.R. 83-2.3.2 Motion for Withdrawal***. An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

If counsel has good cause to support a motion for withdrawal that includes confidential matters subject to the attorney-client privilege, she may file an *in camera* declaration explaining the basis for her motion to withdraw, should she file such a motion.

The Court notes that substitution of counsel to litigate a motion for a new trial may be appropriate if the motion for a new trial argues ineffective assistance of trial counsel. Having reviewed McCormick's filing, it does not appear such an argument will be the basis for the motion for a new trial here. Should matters change, defense counsel may move for substitution of counsel with respect to the motion for a new trial, including legal authority that discusses the substitution of counsel in the context of post-trial ineffective assistance of counsel claims.

McCormick's counsel separately filed an *ex parte* application for a continuance of the deadline to file the motion for a new trial to November 8, 2026, which the Government opposes in part. [Doc. ## 840, 842.] The Government requests at most, a one-week extension of the deadline and a corresponding one-week extension of the Government's time to oppose the pending Rule 29 motion. [Doc. # 842.] The Government's opposition to the Rule 29 motion is currently due July 13, 2026.

The Court **GRANTS IN PART** the *ex parte* application [Doc. # 840], finding good cause for a continuance of the deadline to file a Rule 33 motion for new trial as set forth in this Order. The Court imposes the following briefing schedule on the Rule 33 Motion: the Rule 33 motion is due on **August 10, 2026**[1]; the opposition is due on **September 7, 2026**; and any reply brief in support of the motion is due on **September 21, 2026**. Thereafter, the Court will take the matter under submission, and a written order will issue. A reply brief, if any, in support of the Rule 29 motion shall be filed by **July 24, 2026**. The Court defers setting a sentencing hearing until after the resolution of both motions.

**IT IS SO ORDERED.**

---

[1] If McCormick's counsel files a successful motion to withdraw as counsel and the Court appoints new counsel to represent McCormick on the motion for a new trial, the Court will consider a further continuance to accommodate the new counsel.